IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

CHARLES BROWN,

    Plaintiff,

v.

LEADING EDGE RECOVERY SOLUTIONS, L.L.C.,
an Illinois limited liability company

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Charles Brown is a natural person.

8. The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Leading Edge Recovery Solutions, L.L.C. is an Illinois limited liability company operating from an address at 5440 N. Cumberland Avenue, Suite 300, Chicago, Illinois, 60656.

12. The Defendant's registered agent in the state of Colorado is Irvin A. Borenstein, Esq., 13111 E. Briarwood Avenue, Suite 340, Centennial, Colorado, 80112.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Lowes / GE Capital Retail Bank (hereinafter the "Account").

19. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Lowes / GE Capital Retail Bank.

21. After the Account went into default the Account was transferred to the Defendant by Lowes / GE Capital Retail Bank for collection from the Plaintiff, Defendant's account number 18148214.

22. The Account was placed or otherwise transferred to the Defendant for collection after it went into default.

23. The Plaintiff disputes the Account.

24. The Plaintiff requests that the Defendant cease all further communication on the Account.

25. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s).

27. In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

28. During the telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account the Defendant while attempting to collect the Account represented to the Plaintiff that the Account will stay on the credit bureau reports until it is paid.

29. The Defendant's representation stated in paragraph 28 was false and was a false representation in connection with the collection of a debt, the Account.

30. On July 30, 2013 the Plaintiff had a telephone conversation regarding the Account with the Defendant via its employee(s).

31. During the telephone conversation on July 30, 2013 between the Defendant and the Plaintiff regarding the Account the Defendant via its employee stated the name of the original creditor on the Account and the balance due on the Account.

32. During the telephone conversation on July 30, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

33. During the telephone conversation on July 30, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

34. During the telephone conversation on July 30, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that the Account is disputed.

35. During the telephone conversation on July 30, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that the Account is disputed.

36. The Defendant was aware that the Account is disputed on July 30, 2013.

37. After July 30, 2013 the Defendant was aware that the Account is disputed.

38. After July 30, 2013 the Defendant was informed that the Account is disputed.

39. After July 30, 2013 the Defendant communicated information regarding the Account to Lowes / GE Capital Retail Bank.

40. After July 30, 2013 when the Defendant communicated information regarding the Account to Lowes / GE Capital Retail Bank the Defendant did not communicate to Lowes / GE Capital Retail Bank that the Account was disputed.

41. The information regarding the Account communicated to Lowes / GE Capital Retail Bank by the Defendant after July 30, 2013 on the Account conveyed information directly or indirectly to Lowes / GE Capital Retail Bank.

42. The information communicated regarding the Account by the Defendant to Lowes / GE Capital Retail Bank after July 30, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

43. The Defendant communicated the information regarding the Account after July 30, 2013 to Lowes / GE Capital Retail Bank in connection with the collection of the Account.

44. The telephone conversation(s) on July 30, 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

45. The telephone conversation(s) on July 30, 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

46. On information and belief the Defendant made a audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff on July 30, 2013.

47. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff on July 30, 2013.

48. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014.

49. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014.

50. On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014.

51. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014.

52. On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014 substantiate the Plaintiff's allegations in this action.

53. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Lowes / GE Capital Retail Bank regarding the Account.

54. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian and/or Equifax and/or Transunion on the Account in 2013 and 2014.

55. The Defendant's statement(s) and/or action(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

56. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

57. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

58. As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

59. The previous paragraphs are incorporated into this Count by reference.

60. The Defendant's statement(s) and/or act(s) and/or omission(s) constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8) and e(10).

61. Pursuant to FDCPA § 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4. Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Post Judgment Interest.

Respectfully submitted,

 s/ David M. Larson
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff